UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01038-JVS (MLGx) | Date | June 1, 2011 |
| Title | In the Matter of State Farm Life Insurance Policy #LF2655-1797 | | |

| | |
|---|---|
| Present: The Honorable | James V. Selna |

| | |
|---|---|
| Loretta Anderson | N/A |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: Not Present | Attorneys Present for Defendants: Not Present |

**Proceedings:** (In Chambers) Order re Motion to Dismiss and Remanding Action to Orange County Superior Court

    Defendant State Farm Life Insurance Company ("State Farm") moves to dismiss the Second Amended Complaint ("SAC") of Plaintiff Jason Fontaine ("Fontaine") under Federal Rule of Civil Procedure 12(b)(1); Rule 12(b)(6); and Rule 12(b)(7).[1] The motion is opposed. Having considered the parties' arguments and multiple rounds of briefing, the Court finds that it no longer has jurisdiction over this case and accordingly remands the action to state court.

I.    Background

    During her marriage to Fontaine, Elizabeth Hoult ("Elizabeth") purchased a life insurance policy from Metropolitan Life Insurance Company ("the Metropolitan Policy"). (Docket No. 30, SAC, ¶ 30.)[2] Fontaine alleges she named him as the beneficiary and paid the policy premiums with community property. (Id. at ¶ 10.) On December 17, 2008, Elizabeth filed for dissolution of marriage in Orange County Superior Court. (Id. at ¶ 11.) The couple had two children, Catherine and Julia. Fontaine alleges that he and Elizabeth engaged in a "heated battle" over the custody of their daughters. (Id. at ¶ 14.)

---

    [1] Because the Court resolves the motion to dismiss on the basis of Rule 12(b)(1), the Court need not reach the issue of whether dismissal would be proper under Rule 12(b)(6) or Rule 12(b)(7).

    [2] Due to the extensive briefing associated with this motion, the Court cites to docket numbers as well as standard abbreviations for court documents.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 10-01038-JVS (MLGx)                           Date   June 1, 2011

Title      In the Matter of State Farm Life Insurance Policy #LF2655-1797

On January 23, 2009, Elizabeth changed the beneficiary designation on the Metropolitan Policy to name her mother, Bonnie Hoult, as the primary beneficiary, and her cousin, Jennifer Hoult ("Hoult"), as the secondary beneficiary. (Id. at ¶ 13.) On June 13, 2009, Elizabeth completed an application for a life insurance policy with State Farm ("the State Farm Policy"), naming Bonnie Hoult as the primary beneficiary and Hoult as the successor beneficiary. (Id. at ¶ 13.) On December 14, 2009, Bonnie Hoult shot and killed Elizabeth, Catherine, and Julia, and then killed herself. (Id. at ¶ 14.)

On May 13, 2010, Fontaine filed a "Petition to Set Aside Non-Probate Transfer" in Orange County Superior Court, apparently asking the court to rescind, invalidate, or reform the modifications Elizabeth made after filing for dissolution. The petition named Hoult (a citizen of New York). Hoult removed this case on the basis of diversity jurisdiction. (Docket No. 1, Notice of Removal 2.) Hoult then filed a motion to dismiss, which this Court granted without prejudice on August 23, 2010. (Docket No. 14.) On September 14, 2010, Fontaine filed his First Amended Complaint, adding State Farm and the Estate of Bonnie Hoult as Defendants. (Docket No. 18.) Hoult moved to dismiss. This Court granted the motion with leave to amend. (Docket No. 29.) On November 22, 2010, Fontaine filed his SAC, adding Metropolitan Life Insurance Company and State Farm Agent Steven Ferraro ("Ferraro") as Defendants. (Docket No. 30.) Shortly thereafter Hoult moved to dismiss, which this Court granted in part and denied in part on January 20, 2011. (Docket No. 43.)

Meanwhile, on December 16, 2011, State Farm filed the present motion to dismiss this case. (Docket No. 33.) At the conclusion of the hearing, the Court allowed additional briefing from all parties as to whether the Court had jurisdiction over the Defendants named in the SAC. (Docket Nos. 46, 47, 55.) On March 29, 2011, the Court requested additional briefing on the issue of joinder of the Estate of Bonnie Hoult. (Docket No. 50.) The parties have also filed evidentiary objections and responses to the documents filed with the briefing. (Docket Nos. 56, 58, 59.)

II.   <u>Legal Standard</u>

Dismissal under Rule 12(b)(1) is proper when the plaintiff fails to properly plead subject matter jurisdiction in the complaint. Fed. R. Civ. P. 12(b)(1). The plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01038-JVS (MLGx) | Date | June 1, 2011 |
| Title | In the Matter of State Farm Life Insurance Policy #LF2655-1797 | | |

always bears the burden of establishing subject matter jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the district must remand the action back to the state court from which it was removed. 28 U.S.C. § 1447(c). For a facial attack on subject matter jurisdiction, the Court accepts all allegations in the complaint as true. Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003). However, for a factual attack, the Court "need not presume the truthfulness of the plaintiff's allegations." White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

After a case has been removed, if a plaintiff seeks to join a defendant whose joinder would destroy complete diversity, the court may deny the joinder, or allow the joinder and remand the case to state court. 28 U.S.C. § 1447(e). Rule 19 of the Federal Rules provide two avenues for joining parties, depending on whether joinder is feasible. Under Rule 19(a), a person is a required party when he or she is subject to service of process and joinder will not deprive the court of subject matter jurisdiction. This person must be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (I) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed

UNITED STATES DISTRICT COURT    JS - 6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01038-JVS (MLGx) | Date | June 1, 2011 |
| Title | In the Matter of State Farm Life Insurance Policy #LF2655-1797 | | |

among the existing parties or should be dismissed. The factors for the court to consider include:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

"For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest." Kuntz v. Lamar Corp., 385 F.3d 1177, 1181 (9th Cir. 2004). Diversity of citizenship means that the person (a) is a citizen of the United States, and (b) is domiciled in a state of the United States. Lew v. Moss, 797 F.2d 747, 749 (9th Cir. 1986). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Gaudin v. Remis, 379 F.3d 631, 636 (9th Cir. 2004).

III.   Discussion

Fontaine alleges claims against State Farm for "allowing non-spousal beneficiary designations without Plaintiff's consent" (Docket No. 30, SAC ¶¶ 24-26); "invalid gift of community property without written consent of both spouses" (id. at ¶¶ 27-28); aiding and abetting Elizabeth's actions (through agent Steven Ferraro

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01038-JVS (MLGx) | Date | June 1, 2011 |
| Title | In the Matter of State Farm Life Insurance Policy #LF2655-1797 | | |

("Ferraro")) (id. at ¶30); and breach of fiduciary duty by allowing Elizabeth to designate non-spouse beneficiaries on the policies (id.)

The main issue before the Court is whether it even has subject matter jurisdiction over this action. Hoult removed this case to federal court based on the parties' diversity of citizenship. (Docket No. 1.)[3] Fontaine alleges that he is a citizen of California, State Farm is a citizen of Illinois, and Metropolitan Life and Hoult are residents of New York. (SAC ¶¶ 2, 3, 5, 6.) Fontaine alleges that Ferraro is a resident of California. (Id. at ¶ 7). He makes no allegations as to the citizenship of the Estate of Bonnie Hoult.

"For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest." Kuntz, 385 F.3d at 1181 (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806)); see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 82 (2005). That is, all plaintiffs must be diverse from all defendants. The Court has a choice about how to proceed with a diversity-destroying defendant: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The Court first considers whether joinder of the Estate of Bonnie Hoult and Ferraro is necessary.

    A.    Joinder

State Farm argues in its Supplemental Memorandum that Rule 19(a) should be disregarded because it is inapplicable here (since Ferraro would deprive the Court of subject matter jurisdiction in violation of Rule 19(a)). (Docket No. 47, Def.'s Supp. Br. 4.) The Court agrees and proceeds with its analysis under Rule 19(b).

        1.    Prejudice to Absent Party

            a.    Estate of Bonnie Hoult

---

[3] Because the original jurisdiction for this action is based in diversity, the Court cannot exercise supplemental jurisdiction over claims asserted against Ferraro. 28 U.S.C. § 1367(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01038-JVS (MLGx) | Date | June 1, 2011 |
| Title | In the Matter of State Farm Life Insurance Policy #LF2655-1797 | | |

State Farm argues that the Court should not proceed without joining the Estate. (Docket No. 53, Def.'s Supp. Br. 3.) Proceeding without the Estate's involvement would "run afoul" of Rule 19(a)(1)(B)(I). (Id.) State Farm argues that the claims set forth in the pleading would affect the Estate's putative interest in the State Farm Policy and that the Court could not effectuate any of the relief Fontaine seeks, such as rescission or reformation. (Id. at 2-3.)

Hoult argues that the Court should proceed without joining the Estate. Hoult argues that the Estate does not claim an interest because any interest evaporated when Bonnie Hoult killed Elizabeth. (Docket No. 52, Hoult's Supp. Br. 2.) Hoult also argues that no party will be prejudiced if the Estate is not joined. (Id.) She argues that the Estate is a nominal defendant because Fontaine has not served the Estate even though it was named three months before State Farm brought this motion.[4] Hoult argues that the Court should retain jurisdiction because at the time of removal, this Court had subject matter jurisdiction based on complete diversity. It is only due to amendments that the Court might not have jurisdiction.

The Court agrees with State Farm: the Estate of Bonnie Hoult will be prejudiced if she is absent from this action. Fontaine states claims against the Estate. Fontaine makes a claim for forfeiture of Bonnie Hoult's beneficiary status, alleging that Bonnie Hoult forfeited all rights payable under the State Farm Policy. (SAC ¶¶ 32-34.) Accordingly, this factor weighs in favor of joining the Estate.

      b.    Ferraro

State Farm cites extensively to Boon v. Allstate Ins. Co., 229 F.Supp. 2d 1016 (C.D. Cal. 2002), for the proposition that the Court should not allow joinder of Ferraro. (Docket No. 47, Def.'s Supp. Br. 3.) In that case, the court considered whether a wife could bring a claim against her husband for implied equitable indemnification in a case against an insurer for failure to pay a judgment. Adding the husband would destroy

---

[4] Fontaine has recognized the conflict of interest as he serves as both Plaintiff and Defendant in this action. (Docket No. 55, Pl.'s Supp. Br. 3.) Fontaine offers no solution to this issue, arguing only that he had no choice when the Orange County Public Guardian prevailed on him to administer the Estate. (Id.; see also infra note 7.)

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-01038-JVS (MLGx) | Date | June 1, 2011 |
|---|---|---|---|
| Title | In the Matter of State Farm Life Insurance Policy #LF2655-1797 | | |

diversity jurisdiction, and the court considered whether to allow the wife to do so under 28 U.S.C. § 1447(e). The court found that the husband was not needed for a just adjudication because he was not a "crucial defendant" in the claims for failure to pay a judgment. Id. at 1022. Moreover, requiring the wife to pursue a claim against her husband in state court "would not prevent the just adjudication of the plaintiffs' claims against [the insurer] and its agent in federal court." Id.

The Court determines whether Fontaine will suffer prejudice if Ferraro is not joined here. Fontaine has alleged that Metropolitan, State Farm, and Ferraro "aided and abetted" Elizabeth's actions and that Ferraro was the State Farm agent who sold Elizabeth the Policy at issue. (Docket No. 30, SAC, ¶ 30.) Unlike in Boon, the Court finds that Ferraro's interest is more than "tangentially related" and cannot be severed from State Farm's. The Court finds that it cannot accord complete relief without Ferraro because, as explained below, Ferraro may face some individual liability. (Id.)

State Farm argues that Fontaine has already named State Farm as a Defendant and Fontaine "gains nothing" by adding Ferraro. (Docket No. 47, Def.'s Supp. Br. 8-9.) The Court returns to Boon, in which the court concluded that the interests of judicial economy would not be unreasonably burdened by pursuing indemnity claims in state court. Boon, 229 F. Supp.2d at 1025. Here, however, the claim against Ferraro is potentially more complicated than an indemnity claim, and the Court believes that the prejudicial interest to Fontaine weighs in favor of joining Ferraro and remanding the entire case to state court.

> 2. Extent to Which Prejudice Could Be Lessened or Avoided;
> Adequacy of Judgment Rendered in Absence of Parties

The parties have not briefed either of these issues. The Court sees no way to lessen or avoid prejudice to Ferraro and the Estate. Moreover, the Court is not convinced that a judgment rendered in the absence of Ferraro and the Estate of Bonnie Hoult would be adequate.

> 3. Adequacy of Remedy if Action Were Dismissed for Non-Joinder

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 10-01038-JVS (MLGx)                    Date   June 1, 2011

Title      In the Matter of State Farm Life Insurance Policy #LF2655-1797

       a.     Estate of Bonnie Hoult

The parties have not briefed whether the Estate would have an adequate remedy if this action were dismissed, but the Court believes, for the reasons stated above, that Fontaine would not have an adequate remedy against the Estate if the action proceeded in federal court.

       b.     Ferraro

The Court is unconvinced by State Farm's argument that Ferraro, an "agent for a disclosed principal," cannot be sued personally. (Docket No. 47, Def.'s Supp. Br. 4.) State Farm cites to Lippert v. Bailey, 241 Cal.App. 2d 376, 382 (1966), and Filippo Indus., Inc. v. Sun Ins. Co., 74 Cal.App. 4th 1429, 1442 (1999). Those cases are distinguishable on their procedural postures as well as their facts.

In Lippert, the plaintiffs appealed from a judgment in favor of defendant insurance agents. 241 Cal. App. 2d at 378. The appellate court acknowledged that issues pertaining to agency were to be determined by the trier of fact and found substantial evidence to support the view that a remedy could be maintained only against the principal. At this stage in the litigation, the Court cannot find that Ferraro was acting within the scope of his authority as an agent of State Farm when he sold the Policy. More to the point, the Court is not prepared to hold that aiding and abetting Elizabeth's breach of the ATRO was within the scope of Ferraro's duties as a matter of law. Therefore, it would be improper for the Court to bar all claims against Ferraro individually at this time.

Moreover, in Filippo, the plaintiffs appealed from the denial of a motion for judgment notwithstanding the verdict. 74 Cal.App. 4th at 1431. The appellate court held that the attorney and underwriter for an insurance company could not be held liable for the insurance company's breach of contract and duty of good faith claims. Id. at 1443. Here, however, no breach of contract is alleged as to Ferraro; instead, he is alleged to have engaged in actions that helped Elizabeth violate her restraining order. During the hearing, counsel for State Farm argued that the Court should look to Gasnik v. State Farm Ins. Co., 825 F. Supp. 245, 249 (E.D. Cal. 1992), for the proposition that an agent for a disclosed principal should be dismissed. (See also

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-01038-JVS (MLGx) | Date | June 1, 2011 |

| Title | In the Matter of State Farm Life Insurance Policy #LF2655-1797 |

Docket No. 47, Def.'s Supp. Br. 5.) In Gasnik, the Eastern District of California held that two individual defendants (State Farm agents) were fraudulently joined because State Farm had "express"ly agreed to accept responsibility for their actions.[5] As shown above, the record does not show that Ferraro was fraudulently joined. The Court fails to see how these cases preclude Fontaine from recovering against Ferraro individually, at least at this stage of the proceeding.[6]

In sum, the Court finds that on balance, the factors in Rule 19(b) favor joining the two Defendants at issue here.

### 4. Other Arguments Made by the Parties

State Farm argues that Fontaine's only motive in joining Ferraro is to defeat the Court's jurisdiction. (Docket No. 47, Def.'s Supp. Br. 8.) State Farm argues that the delay in amendment as well as Fontaine's failure to serve any pleading on Ferraro are evidence of a fraudulent joinder. (Id.) "[F]raudulently joined defendants will not defeat removal on diversity grounds." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998) (citing Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 & n.1 (9th Cir.1988); McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)). The party asserting federal jurisdiction has the burden to prove fraudulent or egregious joinder. Cal. Dump Truck Owners Ass'n v. Cummins Engine Co., 24 Fed. App'x 727, 729 (9th Cir. 2010). State Farm has not met the burden of proving a "sham defendant" situation exists here, as suggested by the legal analysis above.

---

[5] In the most recent case citing to Gasnik, the Eastern District distinguished the holding in that case, finding that the plaintiffs had alleged a cause of action against the insurance agent and that the agent could be individually liable. See Lozano v. Harless et al., Case No. 10-cv-00194, 2010 WL 1239211, at * 3 (E.D. Cal. 2010). The court also noted that there was no express agreement whereby "the agency promised to accept responsibility for [the agent's] acts regardless of whether those acts were within or beyond the scope of employment." Id. at *4. The Court also distinguishes Gasnik on similar grounds.

[6] The contention that no relief is sought against Ferraro is not accurate. Fontaine alleges that Ferraro aided and abetted violations of Fontaine's fiduciary and statutory rights. (Docket No. 30, SAC ¶ 30.) Although the Prayer does not explicitly seek damages, it does request that the Court "[m]ake further orders it deems proper." (Id., at Prayer ¶ 6.) The facts pled would support an award of damages under the Prayer.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

Case No.   SACV 10-01038-JVS (MLGx)                               Date   June 1, 2011

Title      In the Matter of State Farm Life Insurance Policy #LF2655-1797

The Court also briefly considers the public policy arguments that Hoult advanced in her Supplemental Brief. She argues that she should not be deprived of her right to litigate in federal court and expresses concerns about the likelihood of prejudice she may face in the same court where she and State Farm sued the Estate of Bonnie Hoult for wrongful death. (Docket No. 46, Hoult's Supp. Br. 7.) The Court understands these concerns, but finds that the removal factors on balance favor Fontaine's position, and sees no reason why Hoult will not receive fair treatment in state court. It is difficult to see any inherent bias in a California court's interpretations of the controlling provisions of California law.

Finally, Hoult urges this Court to abstain from deciding this case. Borrowing the language of the Court's January 28, 2011 tentative order, Hoult argues that the Court's citation to Allegheny Cty. v. Frank Mashuda Co., 360 U.S. 185, 190 (1959) provides no basis for abstention. (Docket No. 46, Hoult's Supp. Br. 8-9.) Hoult argues that this action will not require the Court to "guess at resolution of uncertain and difficult issues of state law." (Id.) Hoult is incorrect. The very heart of this case turns on whether Elizabeth's actions in January and June of 2009 violated Family Code section 2040(a). What is more, this case includes a number of statutory issues of first impression best left to the state courts. Although there is a compelling basis for abstention here, the Court bases its ruling on jurisdictional grounds. Having now determined that both Defendants must be joined, the Court considers whether doing so will destroy the basis for its jurisdiction over the action.

      B.     Jurisdiction Over Diversity-Destroying Defendants

           1.     Jurisdiction Over Claims Against Estate of Bonnie Hoult

Under 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . ." The party seeking to establish jurisdiction has the burden to show the decedent changed her domicile. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001); Cunningham v. World Sav. Bank, FSB, Case No. 3:07-cv-08033, 2007 WL 4181838, at *4 (D. Ariz., Nov. 21, 2007). Fontaine is the legal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01038-JVS (MLGx) | Date | June 1, 2011 |
| Title | In the Matter of State Farm Life Insurance Policy #LF2655-1797 | | |

JS - 6

representative of the Estate of Bonnie Hoult;[7] his citizenship therefore is the same as Bonnie Hoult's. Fontaine alleges that prior to her death in California, Bonnie Hoult, Elizabeth, and the children were living in Texas. (Docket No. 30, SAC ¶ 14.) State Farm[8] has the burden of showing that Bonnie Hoult was domiciled in Texas at the time of her death.

State Farm argues that Bonnie Hoult's death certificate indicates an address in Harris County, Texas as her usual residence. (Docket No. 53, Def.'s Supp. Br. 3; Docket No. 54, RJN Ex. 1.)[9] State Farm also argues that "numerous other documents" indicate Bonnie Hoult "intended to stay" in Texas to care for her grandchildren. (Docket No. 53, Def.'s Supp. Br. 3.) These documents appear to be an affidavit and a "letter brief" filed in a Texas custody action in which Elizabeth stated that Bonnie Hoult was the primary caregiver for the children and had moved to Texas to help her.

---

[7] Hoult argues that Fontaine should actually have two domiciles: Texas, due to his capacity as representative of the Estate; and California, due to his capacity as Plaintiff in the present case. (Docket No. 52, Hoult's Supp. Br. 1.) Although this structure does not affect the diversity analysis, the Court is troubled by the inherent conflict of interest and understands that Fontaine was supposed to receive instructions as to this conflict from the Probate Court on May 9, 2011. (Docket No. 55, Pl.'s Supp. Br. 4.)

[8] Hoult has also joined in the briefing, but because this motion is State Farm's, the burden is ultimately on State Farm to establish Bonnie Hoult changed her domicile.

[9] Under Federal Rule of Evidence 201(b) ("Rule 201"), "a judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." A death certificate is not subject to reasonable dispute and is capable of accurate and ready determination. Accordingly, this is a document for which the Court takes judicial notice.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 10-01038-JVS (MLGx) | Date | June 1, 2011 |
|---|---|---|---|

| Title | In the Matter of State Farm Life Insurance Policy #LF2655-1797 |
|---|---|

(Docket No. 54, at Exs. 2-4.)[10] Hoult also provided a copy of the death certificate[11] and a residential lease, signed on November 9, 2009, in Elizabeth's name, for a residence in Texas. (Docket No. 52, Pl.'s Supp. Br., Exs. 1-2.)

Fontaine has submitted a declaration of a real estate agent, Yami Martinez, who spoke with Bonnie Hoult about her plans to go to Texas. (Docket No. 55, Pl.'s Supp. Br., Ex. 1.) Hoult moves to strike this declaration on hearsay grounds. (Docket No. 56.) Fontaine argues that the testimony is admissible under Federal Rule of Evidence 803(3) because it is evidence of Bonnie Hoult's state of mind. (Docket No. 58, Pl.'s Resp. to Mot. to Strike Decl. of Yami Martinez, at 2.) This motion is overruled. However, the Court nonetheless finds that State Farm has not met its burden. These documents do not establish that Hoult intended to remain in Texas.

Moreover, State Farm presents no evidence that Bonnie Hoult registered to vote in Texas; registered her car in Texas; opened bank accounts in Texas; paid state income taxes or performed other steps indicating her intention to become a resident of Texas. (Docket No. 55, Pl.'s Supp. Br. 2.) When she testified in a court proceeding on August 11, 2009, Bonnie Hoult stated that Elizabeth and the children were currently residing in her home and that she would "go with" her daughter to Houston if she moved there.[12] (Docket No. 52, Hoult's Supp. Br., Ex. 3, at 5.)

---

[10] Fontaine moves to strike these exhibits on the grounds that they are inadmissible hearsay. (Docket No. 59, Pl.'s Mot. to Strike 2.) Fontaine argues that the *act* of filing the documents and the death certificate are appropriate for judicial notice, but the *contents* of the exhibits are not. (Id.) The Ninth Circuit has held otherwise: the content of court files is a proper subject for judicial notice under Rule 201(d). Mullis v. U.S. Bank Ct., 828 F.2d 1385, 1388 n.9 (9th Cir. 1987). Accordingly, the Court takes notice of these documents, although their relevance in establishing domicile is limited.

[11] State Farm also provided a copy of this certificate. (Docket No. 54, Ex. 1.)

[12] But see Cunningham, 2007 WL 4181838, at *4 ("The evidence shows that Milhausen sold his residence in California, resided at the same home in Arizona for six months prior to his death, opened three accounts in Arizona which appeared to contain the bulk of his estate, had personal checks imprinted with [an Arizona address] as his home address, and received mail, including social security checks, at the above address. In addition, it appears that Milhausen was in the final stage of liver disease when he moved to Arizona, and there is no evidence before the court indicating that he intended to return to California.").

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 10-01038-JVS (MLGx) | Date | June 1, 2011 |
| Title | In the Matter of State Farm Life Insurance Policy #LF2655-1797 | | |

Based on the evidence presented here, State Farm has not met its burden of establishing that Bonnie Hoult was domiciled in Texas at the time of death. The Estate is therefore a citizen of California. Accordingly, the Estate's presence destroys diversity, and the Court does not have jurisdiction over the claims at issue here.

      2.      Jurisdiction Over Claims Against Ferraro

Ferraro is a State Farm agent with his principal place of business in Newport Beach. (Docket No. 30, SAC ¶ 7.) State Farm argued in its Motion to Dismiss Brief (Docket No. 30, Def.'s Mot. to Dismiss 1) and in its Supplemental Memorandum (Docket No. 47, Def.'s Supp. Br. at 2) that the Court does not have supplemental jurisdiction over the claims asserted against Ferraro because Ferraro is a citizen of California. Accordingly, complete diversity jurisdiction is destroyed with Ferraro's inclusion in the SAC. State Farm seeks dismissal of the action because the Court cannot accord complete relief without those Defendants. (Id. at 1-2.) Fontaine appears to concede that the basis for jurisdiction is destroyed (Docket No. 37, Pl.'s Opp'n Br. 6) and argues that the appropriate remedy is remand to state court.

State Farm argued during the hearing and in its Reply Brief on the Motion to Dismiss that an order for remand would be "inappropriate." (Docket No. 40, Def.'s Reply Br. 5.) The Court disagrees: it may sua sponte remand a case to state court for lack of subject matter jurisdiction. 2 Schwarzer et al., Federal Civil Procedure Before Trial § 1080 (2010); see also Givens v. Paramount Mortg., Case No. 2:10-cv-03483-GEB-DAD, 2011 WL 202451, at *1 (E.D. Cal. Jan. 20, 2011.) As shown above, the facts in this case favor joinder of the claim against Ferraro, which results in a remand to the state court. In sum, because Fontaine seeks to join two Defendants whose presence destroys complete diversity, the Court remands the case to state court. 28 U.S.C. § 1447(e).

IV.    Conclusion

For the foregoing reasons, the Court finds that the Estate of Bonnie Hoult and agent Ferraro should be joined as Defendants. Because the Estate and Ferraro are citizens of California, their presence in this case destroys the requirement for complete diversity. Under 28 U.S.C. § 1447(e), the Court has chosen to permit joinder and

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 10-01038-JVS (MLGx)    Date  June 1, 2011

Title  In the Matter of State Farm Life Insurance Policy #LF2655-1797

remand the action to state court. The motion to dismiss is denied. Accordingly, this action is remanded to Orange County Superior Court.

    IT IS SO ORDERED.

                                                                                       0  :  0

Initials of Preparer    lma